[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-11353
Non-Argument Calendar

_____

D.C. Docket No. 6:11-cr-00173-ACC-DAB-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOS RODRIGUEZ,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(January 11, 2013)

Before CARNES, BARKETT and BLACK, Circuit Judges.

PER CURIAM:

Carlos Rodriguez appeals his 97-month sentence, imposed at the low end of the applicable guideline range, after pleading guilty to one count of receiving child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A) and (b)(2). On appeal, Rodriguez argues his sentence is unreasonable because it is based on the fundamentally flawed U.S.S.G. § 2G2.2 guideline.

We review the reasonableness of a sentence under a deferential abuse of discretion standard. *Gall v. United States*, 128 S. Ct. 586, 591 (2007). We first ensure the sentence was procedurally reasonable. *Gall*, 128 S. Ct. at 597. Once we determine a sentence is procedurally sound, we examine whether the sentence was substantively unreasonable in light of the totality of the circumstances and 18 U.S.C. § 3553(a) factors. *Id.* "The party challenging the sentence bears the burden to show it is unreasonable in light of the record and the § 3553(a) factors." *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

Rodriguez has challenged his sentence as procedurally and substantively unreasonable because the district court relied on U.S.S.G. § 2G2.2. We have rejected the argument that § 2G2.2 is flawed. *See United States v. Wayerski*, 624 F.3d 1342, 1354 (11th Cir. 2010); *United States v. Irey*, 612 F.3d 1160, 1212 n.32 (11th Cir. 2010) (*en banc*); *United States v. Pugh*, 515 F.3d 1179, 1201 n.15 (11th Cir. 2008). Thus, Rodriguez's argument that the child pornography guidelines are

2

inherently flawed is unavailing as it is foreclosed by prior precedent.  *United States v. Kaley*, 579 F.3d 1246, 1255 (11th Cir. 2009).  Moreover, Rodriguez's sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) factors and the totality of the circumstances.  *Gall*, 128 S. Ct. at 597. Because Rodriguez has not met his burden of showing an abuse of discretion, we affirm his sentence as reasonable.

**AFFIRMED.**